IN THE UNITED STATES FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Gloria Sauerwein | ) | Case No. |
| 1884 North Holland Sylvania Rd | ) | |
| Toledo, Ohio 43615 | ) | Honorable Judge |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Complaint and Jury Demand** |
| vs. | ) | |
| | ) | |
| City of Toledo | ) | |
| One Government Center | ) | |
| Toledo, Ohio 43604 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Officer Burton, #2736 | ) | |
| c/o Toledo Police Department | ) | |
| 525 N. Erie St. | ) | |
| Toledo, Ohio 43604 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Officer Meier #2763 | ) | |
| c/o Toledo Police Department | ) | Mark Davis (0070983) |
| 525 N. Erie St. | ) | The Law Office of Mark Davis, LLC |
| Toledo, Ohio 43604 | ) | PO Box 352649 |
| | ) | Toledo, Ohio 43635 |
| and | ) | Email: attorneymarkdavis@gmail.com |
| | ) | Cell Phone: 419-297-5088 |
| Sgt Jennings #2554 | ) | Fax Number: 419-710-0008 |
| c/o Toledo Police Department | ) | Attorney for Plaintiff |

1

525 N. Erie St.                         )
Toledo, Ohio 43604                      )
                                        )
and                                     )
                                        )
Officer Lawson #2708                    )
c/o Toledo Police Department            )
525 N. Erie St.                         )
Toledo, Ohio 43604                      )
                                        )
and                                     )
                                        )
Michael Troendle                        )
Toledo Chief of Police                  )
525 N. Erie St.                         )
Toledo, Ohio 43604                      )
                                        )
and                                     )
                                        )
John Does 1-5                           )
                                        )
        Defendants                      )

## COMPLAINT AND JURY DEMAND

Now comes Plaintiff, by and through counsel, and for her cause of action against the Defendants herein, states and avers unto this Honorable Court as follows:

### Parties and Jurisdiction

1.    Plaintiff resides in Lucas County, Ohio within the jurisdiction of the Northern District of Ohio Western Division.

2.    The City of Toledo is a municipal corporation organized pursuant to the laws of the State of Ohio and the public employer of the individual defendants.

3.    Defendants Toledo Police Officers Burton, Meier, Jennings, and Lawson live and work in the Northern District of Ohio, Western Division and are alleged to have committed and or participated in the tortious events stated herein.   Upon filing of this Complaint, their first

names are unknown and are derived from the Warrant Affidavit filed in Toledo Municipal Court by Officer Lawson under Toledo Case No. CRB-22-04999-0101. Moreover, the officer committing the brutality did so off camera and is therefore specifically available to be named until discovery is available.

4. Michael Troendle is the acting Toledo Chief of Police whose ultimate authority trains, supervises and disciplines said Defendant officers or fails to do so.

5. John Does 1-5 constitute individuals yet unknown who may have legal liability pursuant to this action, but limited to, but including the act of brutality.

6. The acts alleged occurred in Lucas County, Ohio. The parties are subject to the Court's jurisdiction and venue. More specifically, jurisdiction is proper in this Court pursuant to 28 USC §1331 and §1343 because the controversy arises under the US Constitution, 42 USC §1983 and §1988 and the pendant jurisdiction of this Court to entertain claims arising under state law. Venue is proper pursuant to 28 USC §1391(b)(2) because the events giving rise to this complaint occurred in the Northern District of Ohio.

## General Allegations

7. Plaintiff incorporates the proceeding paragraphs of the complaint as if fully set forth and restated herein.

8. Upon information and belief, on May 29, 2022, the above named police officers, Burton, Meier, Jennings, Lawson and or John Does 1-5 arrived at the home of Plaintiff Gloria Sauerwein to conduct a "safety check" requested by Plaintiff's father.

9. Plaintiff refused assistance from the officers stating that she was ok, that the police had no right to on her property and that she asked them to leave.

10.     Insisting on verifying that Plaintiff was indeed safe and not suffering harm, the defendant officers and or John Does 1-5 deemed her uncooperative, and for her own safety, dragged her from her home for the purpose of arresting her pursuant to a bench warrant out of Toledo Municipal Court.

11.     Plaintiff, in being dragged, and having her elbow hyper extended by an officer, could not get her arms behind her to be handcuffed.   The officer then released the elbow extension, stated "put your hands behind your back" and then, without waiting for compliance, struck her arm so forcefully as to severely break her upper arm (a complete break of the left humerus).  The officer who broke the arm is not specifically identified by the limited body camera provided, but is one of the named defendants or John Doe 1-5, which will be revealed by discovery.

12.     As to the limited body camera provided, the break of the arm could be loudly heard and the shock of officer Lawson seen on her face.  Plaintiff cried out that they broke her arm.

13.     Instead of assisting her, and knowing that she suffered a severe injury and a broken arm, the defendant officers callously left her in unnecessary handcuffs for more than 10 minutes as she screamed in pain.   The pain was so severe that, after arrival at the hospital, she was proscribed two shots of morphine and an additional dose of fentanyl.

14.     Throughout this incident of police brutality, Plaintiff had no weapon and was no threat to four officers who surrounded and controlled her.

4

**Count One**

**Violation of a Civil Right, Pursuant to Provisions of 42 USC §1983**

**By Defendant Officers and John Does 1-5**

15.     Plaintiff incorporates the proceeding paragraphs of the complaint as if fully set forth and restated herein.

16.     The above described police brutality was without legal justification.

17.     Pursuant to the provisions of 42 USC §1983 and the Fourth Amendment to the United States Constitution, the individual defendant police officers and John Does 1-5 had a duty to act prudently,  within reasonable care and to otherwise avoid the use of unnecessary, unreasonable, and excessive force and said Amendment prohibits deliberate indifference to serious medical need.

18.     Said defendants violated Plaintiff's right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution and to be free from deliberate indifference of all said rights by unjustifiably breaking her arm in brutal fashion and thereafter leaving her broken arm painfully twisted behind her back in unnecessary handcuffs.

19.     Leaving her broken arm twisted behind her back acerbated the break, causing additional damage, and greatly increased the incredible pain of break.

20.     The defendant officers individually and collectively failed to act in her aid by releasing her from the handcuffs and instead callously waited for EMT assistance.

21.    After the brutality, the defendant officers conspired with one another to fabricate and disseminate false accounts regarding the unjustifiable and unnecessary use of excessive force and brutality. Thereby, defendant officers conspired to charge Plaintiff with bogus offenses as if she was at fault for the brutality of the officer.

22.    As a direct and proximate result of defendant officers, Plaintiff suffers, continues to suffer, and possibly permanently suffers from physical disability and damage relative to her left arm, conscious pain and suffering both during the breaking of the bone and ongoing through this lawsuit and into the future, loss of income and or employment, mental stress and anguish, punitive and or exemplary damages, as well as any and all damages permissible under Federal and Ohio law.

## Count Two

### Violation of a Civil Right, Pursuant to Provisions of 42 USC §1983
### By the City of Toledo and Police Chief Michael Troendle

23.    Plaintiff incorporates the proceeding paragraphs of the complaint as if fully set forth and restated herein.

24.    At all times relevant to the complaint, the Defendant City of Toledo, through its police department, supervisors and other policy makers, including Defendant Michael Troendle, pursued policies, practices, and customs that were a direct and proximate cause of the unjustified and illegal police brutality set forth above and were the result of deliberate indifference, and those policies include, but are not limited to:

A.    A failure to properly screen, supervise, discipline, transfer, counsel or otherwise control police officers who are known or should have been known to engage in improper use of excessive force;

B.    A failure to have and implement procedures, safeguards, guidelines and training in the use of excessive force and failing to advise and incorporate training for its officers in use of excessive force in detaining, restraining, and or arresting citizens;

C.    A failure to properly screen, supervise, discipline, transfer, counsel, or otherwise provide training and education to police officers to immediately provide first aid to individuals who are seriously injured either as a result of officers actions and or others;

D.    A failure to have and implement procedures, safeguards, guidelines and training to prevent collusion and or conspiracy among officers to invent charges against citizens in an attempt to justify their barbaric actions.

25.    As a direct and proximate result of one or more of these failures, and by respondeat superior for the officer's actions,    Plaintiff continues to suffer, and possibly permanently suffers from physical disability and damage relative to her left arm, conscious pain and suffering both during the breaking of the bone and ongoing through this lawsuit and into the future, loss of income and or employment, mental stress and anguish, punitive and or exemplary damages, as well as any and all  damages permissible under Federal and Ohio law.

## Count Three

## Violation of a State Law Claims – Willful and Wanton Conduct

## As to All Defendants

26.    Plaintiff incorporates the proceeding paragraphs of the complaint as if fully set forth and restated herein.

27.    This honorable Court has supplemental jurisdiction to adjudicate appropriate state law claims.

28.    Defendant officers owed a duty to act prudently and with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, illegal, and excessive force.

29.    The Defendant officer who broke Plaintiff's arm breached his said duties and acted with willful and wanton reckless conduct and or so recklessly as to demonstrate a substantial lack of concern as to whether serious injury would result.

30.    The remaining officers who failed to come to Plaintiff's aid, and instead allowed her injury to acerbate in handcuffs and caused her terrible pain and distress also breached said duties in a willful and wanton way.

31.    In an attempt to cover up the brutality and excessive force by charging Plaintiff with criminal offenses and failing to produce the body camera of the brutality, the defendant officers engaged in willful and wanton misconduct in violation of their duties, oaths to serve and protect, and the United States Constitution.

32.    The City of Toledo and Michael Troendle, as Police Chief, further acted in wilful and wanton conduct by condoning, approving, or failing to discipline the offending officer

as well as incurring respondeat superior liability for the officer(s) willful misconduct.   Upon information and belief, the officer(s) have had previously been accused of excessive force. Furthermore, the City of Toledo's police department has a systematic failure to prevent excessive force.

33.     As a direct and proximate result of one or more of these failures, and by respondeat superior for the officer's actions,   Plaintiff continues to suffer, and possibly permanently suffers from physical disability and damage relative to her left arm, conscious pain and suffering both during the breaking of the bone and ongoing through this lawsuit and into the future, loss of income and or employment, mental stress and anguish, punitive and or exemplary damages, as well as any and all  damages permissible under Federal and Ohio law.

## Count Four

### Gross Negligence and or Willful and Wanton Misconduct and or Assault and Battery and or Intentional Infliction of Emotional Distress by Acting Officer

34.     Plaintiff incorporates the proceeding paragraphs of the complaint as if fully set forth and restated herein.

35.     The acting officer who committed the police brutality (as yet to be named due to present lack of discovery, but among the defendant officers and or John Does 1-5) intentionally caused an offensive touching (battery) and apprehension thereof (assault) in a grossly negligent and or willful and wanton fashion, unnecessary to effectuate the arrest of Plaintiff, and with intent to cause Plaintiff harm.

36.     Said acting officer intentionally acted so outrageously, with no regard to the safety or well-being of Plaintiff, and instead acted with evil and malicious intent to cause Plaintiff severe emotional distress by battering Plaintiff so severely as to completely break her arm and then callously leave her broken arm twisted behind her back in handcuffs, so as to result in severe emotional distress to Plaintiff.

37.     Further, said acting officer's police brutality arose out of gross negligence whereby officer had a duty to safely effectuate an arrest without use of excessive force and grossly violated that duty with his actions.

38.     Defendant acting officer who broke Plaintiff's arm committed willful and wanton misconduct.

39.     The City of Toledo incurs liability via respondeat superior for the officer who committed the brutality upon the tortious claims in this Count and or failure to train, supervise and discipline the acting officer who brutalized Plaintiff.

40.     As a direct and proximate result of one or more of these tortious actions, and by respondeat superior for the officer's actions,   Plaintiff continues to suffer, and possibly permanently suffers from physical disability and damage relative to her left arm, conscious pain and suffering both during the breaking of the bone and ongoing through this lawsuit and into the future, loss of income and or employment, mental stress and anguish, punitive and or exemplary damages, as well as any and all  damages permissible under Federal and Ohio law.

## Count Five

### State Claims of Negligent Training and Retention

### Against the City of Toledo

41.     Plaintiff incorporates the preceding paragraphs of her complaint as if fully restated herein.

42.     The City of Toledo has a duty to properly train its police department in use of force and how to properly arrest a citizen without using excessive force.   Similarly, the City of Toledo has a duty to terminate, and not retain, officers that have previously employed excessive force against citizens.

43.     By failing to properly  train, and by continuing to retain those who have used excessive force, the City of Toledo breached those duties.

44.     As a direct and proximate result of one or more of these breaches of duty and negligence, and by respondeat superior for the officer's actions,  Plaintiff continues to suffer, and possibly permanently suffers from physical disability and damage relative to her left arm, conscious pain and suffering both during the breaking of the bone and ongoing through this lawsuit and into the future, loss of income and or employment, mental stress and anguish, punitive and or exemplary damages, as well as any and all  damages permissible under Federal and Ohio law.

11

## Count Six

### Res Ipsa Loquitor

### Against All Defendants

45.     Plaintiff incorporates the preceding paragraphs of her complaint as if fully restated herein.

46.     Upon being surrounded by multiple officers, and being unable to move prior to the injury, the Plaintiff was completely within their care and responsibility.

47.     Through no fault of her own, Plaintiff suffered severe injury while in their care and responsibility.

48.     The instrumentality causing injury was entirely within the Defendant's control.

49.     An extreme injury of this nature does not generally happen without the negligence of the Defendant(s).

50.     The continued injury and acerbation of that injury, along with the extreme pain of leaving her in hand cuffs with her broken arm twisted behind her back, the Defendants held Plaintiff within their exclusive control and care.    Within their exclusive control and care, the Plaintiff continued to suffer ongoing and acerbation of her injury.    The instrumentality of the handcuffs were entirely within the Defendants' control.    Such acerbation of the injury and cause of extreme pain does not happen without the negligence of the defendant(s).

51.     The policer brutality stated within the complaint and this count "speaks for itself" so as to constitute *res ipsa loquitor*.    As stated above, said brutality was willful and wanton.

52.     Liability attaches to the City of Toledo via respondeat superior pursuant to this claim as well as the previous claims stated above.

53.     As a direct and proximate result of one or more of res ipsa loquitor stated above, and by respondeat superior for the officer's actions,  Plaintiff continues to suffer, and possibly permanently suffers from physical disability and damage relative to her left arm, conscious pain and suffering both during the breaking of the bone and ongoing through this lawsuit and into the future, loss of income and or employment, mental stress and anguish, punitive and or exemplary damages, as well as any and all  damages permissible under Federal and Ohio law.

## Count Seven

### (Punitive Damages)

8.     Plaintiff incorporates the preceding paragraphs of her complaint as if fully restated herein.

9.      Defendant acting officer who committed the brutality should willful and wanton fashion for the safety of the Plaintiff.   To the extent permissible by law, punitive damages should also be imposed upon the other defendants for their willful, wanton, and or outrageous actions.   Accordingly a punitive damages instruction should issue to the jury.

**WHEREFORE**, Plaintiff respectfully prays for this honorable Court to enter judgment for Plaintiff upon the above counts in excess of $30 million, costs of suit, punitive and or exemplary damages and attorney fees.

Of Counsel

Mark A. Davis

13

## Praecipe

To the clerk of Courts:

Kindly provide service of this Complaint upon the Defendant in the address set forth in the caption according to the Federal Rules of Civil Procedure.

Mark Davis
Attorney for Plaintiff

## Jury Demand

Plaintiff respectfully requests a trial by jury upon all such issues so triable.

Mark Davis
Attorney for Plaintiff

## Military Affidavit

The undersigned hereby certifies that, to the best of his belief, the Defendant is not now serving in the US Military.

Mark Davis
Attorney for Plaintiff

## No Other Actions

The undersigned hereby certifies that there are no known pending or resolved civil actions arising out of the transaction or occurence alleged in this complaint.

Mark Davis
Attorney for Plaintiff

14